## BLEECKER *vs.* HENNION.

1. The widow's quarantine, or right of possession, under the second section of the act relative to dower (*Nix. Dig.*, 4th ed., 250,) is an incident only to her dower, belonging to that right, and inseparable from it. It is a privilege preceding, but not in any wise preventing or impeding the assignment or disposal of her dower.

2. This privilege is not an estate within the meaning of the supplement respecting partition, approved March 18th, 1858, and does not make the widow a particular tenant within the meaning of that supplement, which must be construed in connection with the supplement approved February 12th, 1855.

3. Under the facts of this case the premises directed to be sold subject to the widow's dower.

This cause was heard upon the pleadings and proofs, before the Vice-Chancellor.

*Mr. F. A. Demott*, for complainant.

*Mr. G. W. Forsyth*, for defendants.

Bleecker *v.* Hennion.

THE VICE-CHANCELLOR.

The complainant's bill is filed for partition of the homestead of which his grandfather, William N. Hennion, died seized. The homestead consists of the mansion-house and two acres of land, situate in Parsippany, in the county of Morris. Hennion died in 1866, and his widow has since remained in possession of the premises, her dower not having been assigned. The complainant is the owner of the undivided one-sixth part, which would have descended to his mother, a daughter of Hennion, had she survived her father. The remaining five-sixths belong to the five surviving children of Hennion.

The bill alleges that the premises cannot be divided among the six owners without great prejudice to their interests, and prays that a sale be ordered and the proceeds divided.

The answer is by the widow and four of the children. The four children say that they and their brother, who has not joined in the answer, are willing the premises should be sold, but wish them sold subject to, and not discharged of, the widow's dower. They say that such dower can be assigned by metes and bounds, and that under the circumstances of the case it ought to be done.

At the argument the question was discussed whether, under the possession of the premises by the widow before dower assigned, the bill for partition was properly filed. It was insisted, in behalf of the defendants, that the right of possession conferred by the second section of the act relative to dower (*Nix. Dig.*, 4th ed., 250,) gave her an estate, and made her a particular tenant within the meaning of the supplement concerning partition, approved March 18th, 1858, (*Nix. Dig.* 673), by which supplement the consent of the particular tenant is required before partition or sale can be made of lands, wherein an estate for life or lives, or other less estate of the particular tenant exists.

I am of opinion that this insistment cannot be maintained. This supplement must be construed in connection with the previous supplement, approved February 12th, 1855, (*Nix.*

*Dig.* 672,) whereby the estate of any tenant in dower or by curtesy is expressly named and authorized under certain conditions to be directed to be sold. The widow's possession or quarantine is an incident only to her dower, belonging to that right and inseparable from it. It is a privilege preceding, but in no wise preventing or impeding the assignment or disposal of dower. So regarded, it necessarily appertains to the estate specified in the supplement of 1855, and cannot, therefore, be included in or attached to any of those enumerated in the supplement of 1858. This construction harmonizes the provisions of the two supplements, which, under a different construction, would be discordant and conflicting. Besides this, a sale only, and not a partition, is contemplated by the earlier supplement. The bill and the answer assume that only a sale can be made. The question whether such sale should include the widow's interest, however answered, is independent of the fact whether dower has or has not been assigned. The act of 1855 is applicable to both of these conditions, and proceeds upon the ground that in the one case an assignment is superfluous, and in the other that it can be made after as well as previous to a sale.

Should the premises be sold in this case, clear of or subject to the rights of the widow? By the language of the act, "it shall be lawful for the court to consider and determine, under all the circumstances of the case, having regard to the interests of all the parties, whether such estate ought to be excepted from such sale, or whether the same should be sold, and to order and decree accordingly." *Nix. Dig.* 672.

The widow is seventy-five years of age. Her health is precarious and infirm. During most of her married life she has lived on the premises. She is extremely unwilling to leave them to find elsewhere a home. The answer avers, and the averment is supported by proof, that such a change would be prejudicial to her health. The premises are such that a suitable part could be set off for her occupancy. The daughters who live with her, and whose attentions she needs, can more advantageously, and with less expense to themselves

and to her, occupy such a part, than provide elsewhere a home. The pecuniary interests, as well as the general welfare of the daughters and mother, will be promoted by excepting the mother's interest from the sale. It does not appear that the complainant's interest will be thereby impaired. Under all the circumstances of the case, and having regard to the interests of all the parties, I am of opinion, and do advise, that the premises should be sold, and that the rights therein of the widow should be excepted from the sale.